## COMMONWEALTH *vs.* JOHN M'PIKE.

The declaration of a person, who is wounded and bleeding, that the defendant has stabbed her, made immediately after the occurrence, though with such an interval of time, as to allow her to go from her own room up stairs into another room, is admissible in evidence, after her death, as a part of the *res gestæ.*

On the trial of an indictment for manslaughter, the record of a previous conviction of the defendant, for an assault and battery on the person of the deceased, and judgment thereon before her death, is admissible evidence to prove the fact of such conviction; but it is not evidence of an assault committed on the deceased, as alleged in the indictment for manslaughter, or that the assault stated in the record of such conviction is the same.

It is no defence to an indictment for manslaughter, that the homicide therein alleged appears by the evidence to have been committed with malice aforethought, and was therefore murder; but the defendant, in such case, may notwithstanding be properly convicted of the offence of manslaughter.

Where a surgical operation is performed in a proper manner, and under circumstances which render it necessary in the opinion of competent surgeons, upon one who has received a wound apparently mortal, and such operation is ineffectual to afford relief and save the life of the patient, or is itself the immediate cause of death, the party inflicting the wound will nevertheless be responsible for the consequences.

THE defendant was indicted in the municipal court of the city of Boston, and there tried before *Hopkinson,* J., at the last November term, for the offence of manslaughter. The indictment alleged, that the defendant, on the 4th of July, 1848, and in the night time of that day, feloniously assaulted Elizabeth M'Pike, the wife of the defendant, and stabbed her near the right hip joint, with a dangerous weapon, to wit, a knife, inflicting therewith a mortal wound, of which the party injured died on the 7th of October, following.

At the trial, the attorney for the commonwealth introduced evidence, that the deceased, between twelve and one o'clock on the morning of the 5th of July, ran from her room, where her husband the defendant was, to the room occupied by the witness in the same house, in the story above that of the defendant, and there knocked at the door, crying murder. On being let in, the deceased wanted the occupant to call a doctor and a priest, saying that she was killed. The witness saw that the deceased was wounded, and that blood was running down upon the floor, and started immediately for a physician. On opening her door to go out, she met the defendant at the door, and pushed him aside and went out.

The attorney for the commonwealth called Benjamin D. Shaw, as a witness, who testified, that, about the time mentioned by the preceding witness, he heard the voice of a woman crying murder, as she was going up stairs. He got up, and, going towards the room, met the last witness coming out, who told him not to go up, for the defendant would kill her, and he then saw the defendant coming out of the room. The witness then went for a watchman, and, coming back, went immediately up to the room where the deceased was, and there found her lying on the floor bleeding profusely. She asked the witness for some water, and to go for a physician. She said that John (meaning the defendant) had stabbed her, and told the witness what she wanted done, if she died. The defendant objected to the admission of the declaration of the wife, that the defendant had stabbed her; but the court admitted the testimony

The attorney for the commonwealth offered in evidence the record of a former conviction of the defendant, for an assault and battery on the deceased, and judgment thereon, before her death. The defendant objected to this evidence, but the court admitted it, and instructed the jury, that it went to prove the fact of such a conviction; but, as the time stated in the record on which the assault was therein alleged to be committed was not material, the record was no proof of an assault on the day alleged in the present indictment, or that the assault stated in the record was the same offence.

The defendant requested the court to instruct the jury, that if, upon the evidence, they should be of opinion, that the defendant committed the act charged in the indictment with malice aforethought, the offence would be murder, and not manslaughter, and the defendant should therefore be acquitted of the latter charge. But the court refused so to instruct the jury, and instructed them, that, in the case supposed, the crime of murder would include that of manslaughter, and they should render a verdict of guilty.

It was in evidence, that, by the stab which the deceased received, the inner iliac artery was penetrated; that the surgeon who was first called endeavored to stop the blood, by compression of the parts, and that the wound apparently healed over; that the deceased was about her work in two or three weeks after the wound, and kept about a week or more, when she was induced, by pain and other symptoms, to apply again to a surgeon. She was recommended to the Massachusetts General Hospital, and on examination there, it appeared that an aneurism was formed, which, it was believed, would lead to the death of the patient in a short time, unless the operation of tying up the artery should be performed, which, in that part, was an extremely dangerous operation. Upon consultation with the surgeons of the hospital, some of them hesitated as to the expediency or necessity of the operation, but none of them dissented. After some further observation, the surgeon who had the patient in charge decided that the operation was necessary, and performed it, without

any further consultation with the surgeons of the hospital. In his opinion, the facts appearing at the time of the operation were such as clearly to show its necessity, and which would have led the whole council to concur in that opinion, if the facts had been known from the external appearance to exist.

The court instructed the jury, upon this evidence,·that if they should believe, that the immediate cause of the death was the operation performed by the surgeon, but that the operation was believed by competent surgeons to be necessary, and was performed in a proper manner, in such way, or for such cause, as, in the usual course of professional treatment, would be deemed necessary, even if the event should show that the operation was not necessary, such apparent necessity would justify the operation, and the defendant would be responsible.

The defendant, being convicted, alleged exceptions to the rulings and instructions above mentioned.

*P. S. Wheelock*, for the defendant.

*S. D. Parker*, (county attorney) for the commonwealth.

DEWEY, J.    1. The admission in evidence of the statement of the party injured, as to the cause and manner of the injury which terminated in her death, may be sustained upon the ground, that the testimony was of the nature of the *res gestæ*.    The witness describes the situation in which he found the party, her appearance, and her request for assistance, and, in connection therewith, her declaration of the cause of ·the injury.    The period of time, at which these acts and statements took place, was so recent after the receiving of the injury, as to justify the admission of the evidence as a part of the *res gestæ*.    In the admission of testimony of this character, much must be left to the exercise of the sound discretion of the presiding judge.

2. The record of the former conviction was competent evidence, for the very limited purpose for which it was admitted by the court.    It furnished no competent proof, in itself, of a former conviction of the assault, which was the

subject of inquiry; but the identity of the cases could only be established by other evidence.

But the identity of the person, and the identity of the transaction, it is conceded, were fully shown, or admitted. Such being the case, for the limited purpose for which it was received, the court are of opinion, that the record introduced was admissible. As evidence of a distinct offence committed by the defendant, or for the purpose of showing his aisposition to engage in such assaults, the record would be incompetent and inadmissible.

3. The next point raised by the bill of exceptions presents the question, whether, upon an indictment for manslaughter, the defendant must be acquitted, if the evidence satisfies the jury that the homicide was committed with malice aforethought. The argument, urged in favor of a ruling to that effect, is attempted to be sustained, upon the ground, that, by the effect of a trial on an indictment for a minor offence, the defendant is deprived of certain privileges, which are incident to all capital trials; as, for example, the right of twenty peremptory challenges, the aid of the commonwealth in procuring the attendance of witnesses, and in the assign ment of counsel to conduct his defence, &c.

The only cases, that seem to give any sanction to this ground of exception, are those in which the defendant, under an indictment for a higher offence, is found guilty of a minor one; as, in the case of an indictment for felony in England, if the jury find the facts to support only a charge of misdemeanor, a verdict of guilty of the smaller offence is not authorized, because, by such indictment for felony, the defendant loses the benefit of having a copy of the indictment, a special jury, and making his full defence by counsel. 1 Chitty, C. L. 639; Foster, 328.

But, even in the case supposed, the court will not direct an acquittal, but will discharge the jury of the indictment for felony, for the purpose of enabling the public prosecutor to present another indictment for the less aggravated crime See Chitty and Foster, as above cited.

16 *

The cases referred to differ however somewhat from the case at bar, as the facts found by the jury in the former clearly show, that no indictment could ever have been properly found for the higher crime, the party being only guilty of the smaller offence. Hence the government ought not, by means of an unauthorized proceeding, to deprive the party accused of the ordinary safeguards, which the law has thrown around him for his protection. In the case at bar, on the other hand, the defendant has committed the crime for which he stands indicted. His offence has all the elements of manslaughter. The evidence proved him guilty of every thing alleged in this indictment. It does all this, and the only objection is, that it superadds to the facts thus found, that the killing was with malice aforethought.

In such a case, the party on trial has no reasonable ground for complaint. The government have elected to proceed against him for the minor offence, and the defendant has secured to him all the privileges, which are incident to a trial for such offence. It is not for him to say, that his crime has another element in it, which, if charged in the indictment, would have constituted it a higher offence, and more severely punishable. Further, the issue submitted to the jury does not properly present any such question of fact for them to try, as the defendant proposed to raise before them. The rule, contended for on the part of the defendant, would facilitate the escape of the guilty from all punishment. Suppose the unlawful killing to be fully established upon the evidence, but whether under such circumstances as would reduce the crime to manslaughter, to be a matter of reasonable doubt. The public prosecutor, deeming it advisable, upon the whole evidence, to put the party on his trial for manslaughter only, and the grand jury finding a bill to that effect, the defendant asks that the jury may be instructed, that if they believe that the act was committed with malice aforethought, the defendant is entitled to an acquittal, and the judge so instructs the jury. Eleven of the jury are satisfied, that it is a case of homicide without malice prepense ;

all the jurors agree that the evidence proves an unlawful killing, and that the defendant should be found guilty, but for the belief of one of them, that the case is the more aggravated one of murder. Under the proposed ruling, no conviction could take place, for no verdict would be rendered. Suppose the same case to be transferred by an indictment for murder to the proper forum for a capital trial. Malice prepense is now an essential ingredient in the offence charged, but in the case supposed, it may be readily anticipated, that a majority of the jury will not render a verdict of guilty of murder ; and thus the party may wholly avoid a conviction, and the unlawful killing remain unpunished. This consequence, I am aware, should have no effect to abridge the rights of the defendant, or deprive him of any legal ground of defence. But there being no decisive authority upon the point, and the question being one which is now presented for the first time, for a judicial decision by this court, these considerations may be entitled to their proper weight. It seems to us, that this objection is not open to the defendant upon this indictment, and that wherever the grand jury deem it proper to find only an indictment for manslaughter, and the party is put upon his trial for that offence, he has no legal right to demand an acquittal, upon the ground, that, taking the whole evidence, the case thereon is one of killing with malice prepense. How far, in such a case, it may be proper for the court, upon its own suggestion, or upon the motion of the public prosecutor, to discharge the jury, with a view of having the case presented in another form, it is unnecessary now to decide. The exception taken upon this point is therefore overruled.

4. The ruling upon the fourth point is to be taken with reference to the case stated in the bill of exceptions. The evidence introduced tended to show, that a mortal wound had been inflicted upon the body of the deceased, from the effects of which the party would have died ; and that in this situation surgical aid was administered, under the hopes that it might be successful. Although the event proved such

surgical operation to be ineffectual, in giving relief, and it was the immediate cause of the death of the party, yet the defendant is responsible for her death, if he had previously given her a mortal blow, in the attempt to save her from the effects of which, a surgical operation apparently necessary was resorted to.                    *Exceptions overruled.*